BEFORE THE SECOND DIVISION, SEPTEMBER 15, 1941

**No. 46321.**—Protest 990440–G of Fergerson Perforating & Wire Co. (Providence).

DALLINGER, Judge: This is a suit against the United States, arising at the port of Providence, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation consisting of woven wire cloth. On the cloth represented by invoice items marked A, duty was levied at the rate of 40 percent ad valorem under the provision in paragraph 318, Tariff Act of 1930, for "woven-wire cloth * * * with meshes finer than 30 and not finer than 90 wires to the lineal inch in warp or filling," plus a tax of 3 cents per pound under section 601 (c) (7), Revenue Act of 1932, as articles composed in chief value of copper. On the cloth represented by invoice items marked B, duty was levied at the rate of 25 percent ad valorem under the provision in said paragraph 318 for "woven wire cloth * * * with meshes not finer than 30 wires to the lineal inch in warp or filling," plus a tax of 3 cents per pound under said section 601 (c) (7) of said Revenue Act of 1932 as articles composed in chief value of copper.

It is claimed that the cloth represented by invoice items marked A is properly dutiable at the rate of 25 percent ad valorem under said paragraph 318, Tariff Act of 1930, plus the 3 cents per pound tax under said section 601 (c) (7), Revenue Act of 1932, and that the cloth represented by invoice items marked B is properly dutiable at the rate of 12½ percent ad valorem under said paragraph 318 as amended by the trade agreement with Canada, dated January 1, 1939, and promulgated in T. D. 49752, 74 Treas. Dec. 235, plus the 3 cents per pound copper tax imposed by said section 601 (c) (7) of said Revenue Act of 1932.

At the hearing, held at Providence on May 19, 1941, before Tilson, Judge, the following colloquy took place:

Mr. WEEKS. In this case, if the Court please, this gentleman is trying his own case, and is not a lawyer. I will take the liberty of stating the case. The Government is wrong. There are two items on this invoice. They are both woven wire cloth, but they differ in the mesh. One mesh is 40 by 40, and that has been classified properly at 40 per cent. The other is an 8 x 8, and that should be dutiable under the Canadian Trade Agreement at one cent per square foot, not less than 12½ per cent ad valorem, not more than 25 per cent ad valorem. In regard to that item the Government is wrong. It classified at 25 per cent ad valorem, plus a three cent per pound revenue tax. Now, if the Court can take my statement, we don't need any evidence, but we have here the Appraiser at this port who can supply the evidence if the importer wishes to call him.

Judge TILSON. You just make the statement the Appraiser told you.

Mr. WEEKS. The Appraiser has stated to me the facts that I have stated here in open Court.

The pertinent provision in the Canadian Trade Agreement, *supra*, reads as follows:

| Par. No. | Articles | Rate changed | Modified rate |
|---|---|---|---|
| 318 | Woven-wire cloth * * * with meshes not finer than thirty wires to the lineal inch in warp or filling. | 25% ad val___ | 1¢ per sq. ft., but not less than 12½ nor more than 25% ad val. |

On the agreed facts we hold said wire cloth represented by invoice items marked B to be properly dutiable at the rate of 12½ percent ad valorem under said paragraph 318, Tariff Act of 1930, as amended by said Canadian Trade Agreement, plus a tax of 3 cents per pound under section 601 (c) (7), Revenue Act of 1932, as articles composed in chief value of copper, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise, including that represented by invoice items marked A, the claims are overruled. Judgment will be rendered accordingly.

DISSENTING OPINION

Tilson, Judge: In my opinion the holding of this court should be that the items of merchandise marked B on the invoice are subject to the Canadian Trade Agreement, and therefore properly dutiable at 1 cent per square foot, but not less than 12½ nor more than 25 percent ad valorem under paragraph 318 of the act of 1930 and the said Canadian Trade Agreement, leaving to the collector all functions of liquidation, a part of which requires a computation and determination of whether 1 cent per square foot is less or more than 12½ percent or 25 percent ad valorem. When we have followed the law and found, as we should do on the evidence in this case, that the items of merchandise marked B on the invoice are subject to the Canadian Trade Agreement, and therefore dutiable at 1 cent per square foot, but not less than 12½ nor more than 25 percent ad valorem, our duty has been fully performed and ends there. We should not go further and attempt to assume any function of the collector by computing and determining that 12½ percent ad valorem is more than 1 cent per square foot. This is a part of the liquidation and this court has no authority to perform any function of liquidation. Since there is no contention that the 3 cents per pound under the Revenue Act of 1932 was erroneously assessed, that question is not before us.